# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| Plaintiff, | |
| v. | CIVIL ACTION NUMBER: 3:10cv540 WHB-LRA |
| **PERFORMANCE DRILLING COMPANY, LLC.** | COMPLAINT |
| Defendant. | WITH JURY DEMAND |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 29 2010
J T NOBLIN, CLERK
BY_____ DEPUTY

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (black), and to provide appropriate relief to Darius Swington who was adversely affected by such practices. As alleged with greater particularity in paragraphs seven (7) through fourteen (14) below, the Equal Employment Opportunity Commission alleges that Performance Drilling Company, Inc.. ("Defendant" or "Performance Drilling") subjected Darius Swington ("Swington") to discrimination in the form of racial harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Performance Drilling has continuously been incorporated in the State of Mississippi, has continuously been doing business in the State of Mississippi and the City of Brandon, and has continuously had at least 15 employees.

5. At all relevant times, Performance Drilling has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Darius Swington filed a charge with the Commission alleging violations of Title VII by Defendant Performance Drilling.

7. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. From about June 18, 2007 continuing until about July 24, 2007, Defendant Performance Drilling engaged in unlawful employment practices on a vessel located in the southern section of Mississippi in violation of §42 U.S.C. §2000e-2(a)(1) by subjecting Darius Swington to harassment because of his race, black.

9. The racial harassment included, but was not limited to, the use of racial slurs and racially derogatory insults and language by supervisors. The harassment included taunting, the use of racial stereotypes, derogatory race descriptions and the use of the "N" word.

10. Swington's complaints to supervisors about the harassment did not result in any action by management. The unlawful sexual harassment was unwelcome and occurred with the full knowledge of Defendant's supervisory personnel, but

Defendant failed to exercise reasonable care to prevent and/or correct promptly any of the racially harassing behavior.

11. On at least one occasion a noose was hung and displayed in Swington's work area by a supervisor. This behavior resulted in additional complaints by Swington and by employees who worked on the crew with him. Members of the Performance Drilling workforce who were not black did not experience the same harassment.

12. Following the complaints, on or about July 18, 2010, Defendant terminated Swington and all of his crew members purportedly for not cleaning their sleeping quarters properly.

13. The effect of the practices complained of in paragraphs seven (7) through twelve (12) above has been to deprive Darius Swington of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, black.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Darius Swington.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Performance Drilling, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on race, including preventing harassment based on race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make whole Darius Swington by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs seven (7) through twelve (12) above, including, but not limited to, any relocation expenses, job search expenses, medical expenses, in amounts to be determined at trial.

D. Order Defendant to make whole Darius Swington by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above in paragraphs seven (7) through twelve (12) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

E. Order Defendant to pay Darius Swington punitive damages for its malicious and reckless conduct described in paragraphs seven (7) through twelve (12) above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U. S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

*/s/ Julie Bean*
JULIE BEAN
Supervisory Trial Attorney
D.C. Bar # 433292

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
(205) 212-2045
(205) 212-2041