IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NUMBER: ) 3:10-cv-00540-WHB-LRA ) ) |
| PERFORMANCE DRILLING COMPANY, LLC. | ) ) ) ) |
| Defendant. | ) |

## CONSENT DECREE

### I.   INTRODUCTION

1.  The Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or "Commission"), commenced this action against Performance Drilling Company, LLC ("Performance"), on September 29, 2010. The Commission alleged that Performance had subjected one of its employees, Darius Swington ("Swington"), to discrimination in the form of racial harassment in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991.

2.  Performance denies the Commission's allegations.

3. The Commission and Performance have agreed that it is in their mutual interests to settle the claims asserted in the Complaint through the entry of a Consent Decree. The parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy. The parties do not object to the jurisdiction of the Court and waive their rights to a hearing and the entry of findings of fact and conclusions of law. It is understood and agreed that Darius Swington with advice of counsel, if he chooses to retain counsel, will execute a separate release in favor of Performance Drilling.

4. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or contained in EEOC Charge No. 423-2007-02703 and any and all claims asserted by the Commission in Civil Action No. 3:10-cv-00540 (S.D. Mississippi). This Consent Decree does not affect any other administrative charges which may be pending with the EEOC or any other cases pending in this or any other court other than the charge and case specifically referred to in this paragraph. Performance Drilling agrees to seek approval and payment of this claim in full as part of the pending bankruptcy proceedings [United States Bankruptcy Court for the Southern District of Mississippi, Case Number 10-01851 EE]. The Commission agrees to amend its previously filed proof of claim on behalf of the Commission and Darius Swington to reflect the amount of $28,000.00 agreed upon in this Consent Decree.

5. This Consent Decree constitutes the complete understanding between the Commission and Performance with respect to the matters herein.

6. This Consent Decree becomes effective (1) when the U.S. Bankruptcy Court has approved payment in the amount required by the Decree; (2) when the U.S. District Judge in this case has approved this Decree entered it in the record; and (3) remain in effect for twenty-four (24) months from the date of entry.

7. This Court has jurisdiction over the parties and the subject matter of this action and retains jurisdiction in order to monitor and enforce the terms of the Consent Decree.

8. The Consent Decree, and its terms, shall be final and binding on the Parties hereto, including their present and future representatives, agents, directors, officers, assigns and successors.

II. INDIVIDUAL MONETARY RELIEF

9. The EEOC shall have a judgment against Performance on behalf of Darius Swington in the total amount of $ 28,000.00. All payments made under this Consent Decree are compensation for back wages and entitled to bankruptcy priority treatment. Performance Drilling shall make the required tax withholdings from the wages paid hereunder and the remaining balance shall be paid directly to Darius Swington in accordance with the terms of this Consent Decree. Such payment to Darius Swington shall satisfy all claims made by the EEOC in this

litigation: *Equal Employment Opportunity Commission v. Performance Drilling Company, LLC* [U.S. District Court for the Southern District of Mississippi, Jackson Division (Civil Action No. No. 3:10-cv-00540-WHB-LRA)].

10. Swington did not exercise his statutory right to intervene in this action, 42 U.S.C. §2000e-5(f)(1), and is not a party to this Consent Decree.

11. The monetary relief provided for by this Agreement is conditioned upon Swington executing a release satisfactory to Performance.

### III.   GENERAL INJUNCTIVE RELIEF

13. The EEOC expressly recognizes and acknowledges that Performance is a debtor in possession in the Bankruptcy Court for the Southern District of Mississippi, Case number 10-01851 EE. The EEOC understands that the future viability of Performance is contested in that proceeding. The provisions regarding "successors and assigns" in the following sections of this Consent Decree will not apply in the event Performance is succeeded by any party hostile to Performance in that bankruptcy proceeding.

14. Performance and its officers, agents, management (including supervisory employees), successors, and assigns, and all those in active concert or participation with them, or any of them, are enjoined from: (a) discriminating against any employee on the basis of race; (b) engaging in or being a party to any action, policy, or practice that is intended to or is known to them to have the effect

of harassing or intimidating any employee on the basis of race; and/or (c) creating, facilitating, or tolerating the existence of a work environment that is racially hostile to employees.

15. Retaliation: Performance and its officers, agents, management (including supervisory employees), successors, and assigns, and all those in active concert or participation with them, or any of them, are enjoined from: engaging in, implementing, or tolerating any action, policy, or practice which has the purpose or effect of retaliating against any current or former employee of Performance because he opposed any practice made unlawful under Title VII, filed a charge of discrimination challenging any such practice, testified, or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Performance), proceeding or hearing in connection with this case and/or relating to any claim of discrimination under Title VII, was identified as a possible witness in this action, asserted any rights under this Consent Decree, or sought and/or received any monetary and/or non-monetary relief in accordance with this Consent Decree.

16. Performance shall comply fully with all provisions of the Consent Decree and Title VII. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Performance under Title VII or the Commission's authority to process or litigate any charge of

discrimination which may be filed against Performance in the future, except as to issues resolved herein. This Consent Decree shall apply to all of Performance's operations, facilities and locations in the United States.

## IV. SPECIFIC INJUNCTIVE RELIEF

17. Review and Modification of Policies: Within the first sixty (60) days of the effective date of this Consent Decree Performance will develop and provide each Performance employee with a written description of the types of practices that are prohibited, either pursuant to Title VII or under the Performance's policy against discrimination and harassment. This description shall include, at a minimum, the following:

    a.    A strong and clear commitment to a workplace free from race discrimination, harassment, and/or retaliation;

    b.    A clear and comprehensive description, including concrete examples, of prohibited race discrimination, harassment and/or retaliation;

    c.    A description of the possible consequences that will be imposed upon violation of the policy against race discrimination, harassment and/or retaliation;

    d.    A statement encouraging employees to report complaints of race discrimination, harassment and/or retaliation to the management of Performance;.

  e. An assurance that persons who, in good faith, complain about race discrimination, harassment and/or retaliation they experience or witness will not be the subject of retaliation;

  f. A clearly described complaint process that provides multiple accessible avenues through which an employee may make a complaint;

  g. Assurances that the employer will protect the confidentiality of discrimination complaints, complainants and witnesses to the extent reasonably possible;

  h. A complaint process that provides a prompt, thorough, and impartial investigation;

  i. A system for tracking and providing follow-up on complaints and/or inquiries regarding discrimination, harassment and/or retaliation;

  j. Assurances that Performance will take immediate and appropriate corrective action if it determines that race discrimination, harassment and/or retaliation have occurred;

  k. The contact information, including name, address, and telephone number of persons (e.g. Performance Coordinator, human resource personnel or managers) to whom employees may report complaints of race discrimination, harassment and/or retaliation at any time without fear of reprisal.

The contact information shall be visibly posted in an area accessible to all employees and placed in the employee handbook;

    l.    A clear and comprehensive description of the specific responsibilities of Performance's supervisory and managerial employees when they witness or learn of race discrimination, harassment and/or retaliation and/or receive a complaint and/or inquiry regarding discrimination, harassment and/or retaliation; and

    m.    A clear and comprehensive description of the consequences for Performance's supervisory and managerial employees who fail to perform their responsibilities when they witness or learn of race discrimination, harassment and/or retaliation and/or receive a complaint and/or inquiry regarding discrimination, harassment and/or retaliation.

    18.    A copy of the reviewed/revised polices in compliance with the above requirements shall be submitted to the Commission and distributed to all Performance employees within sixty (60) days of the Effective Date of this Consent Decree.

    19.    Development of EEO Training Program:

    a.    Performance shall retain and pay for consultant/lecturers or legal counsel who will provide periodic consultation and annual training for a period of two (2) years from the date of this Consent Decree.

b. Within ninety (90) days of the effective date of this Decree, Performance shall have in place a program to provide mandatory EEO training to (1) all non-supervisory employees, (2) all supervisory and management employees, and (3) all human resources employees who provide support to and/or have any supervisory or decision-making authority over Performance's facilities, regardless where said employees perform their duties. This program shall address all aspects of race discrimination, harassment and/or retaliation in the workplace, including (1) a plan to ensure that all employees who are to receive the required training actually receive the training; (2) an explanation of the manager's role in reporting potential race discrimination, harassment and/or retaliation; and (3) clear and concise information about how an employee may protect his rights within the workplace by reporting conduct he believes may violate Title VII.

20. The mandatory training shall at a minimum: (1) occur once every year for the duration of this decree; (2) shall be in person or interactive training accompanied by materials prepared by trainers experienced in the subject matter, and; (3) shall educate the employees about the problems of discrimination in the workplace. The purpose of the training shall be to give the participants a thorough understanding of race discrimination, harassment and/or retaliation issues, including but not limited to theories of liability under Title VII, sources of legal protection for victims of race discrimination, harassment and/or retaliation, and the

employer's obligation to take preventive, investigative, and remedial action with respect to discrimination and harassment complaints.

21. In addition, at the training provided to supervisors and managers, the training shall include: 1) how to recognize, prevent, and correct discrimination, harassment and retaliation in the workplace; 2) a detailed description of the specific responsibilities of Performance's supervisory and managerial personnel when they witness or learn of discrimination, harassment, or retaliation or receive a complaint or inquiry regarding discrimination, harassment, or retaliation; 3) a detailed description of the consequences for Performance's supervisory and managerial personnel who fail to perform their responsibilities when they witness or learn of discrimination, harassment, or retaliation; and 4) how to receive and/or report to designated officials complaints of harassment or retaliation.

22. The first year's training shall last a minimum of two hours. The second year's training shall last a minimum of one hour. After the term of the Consent Decree, Performance may conduct training at its discretion. During training for managers and supervisors, the managers and supervisors will be provided with a written step-by-step process of how to report possible harassment, discrimination, or retaliation.

23. At least thirty (30) days prior to the initial proposed training session, Performance shall submit the name(s), address(es), telephone number(s) and

resume(s) of the proposed consultant/lecturer(s), together with the dates of the proposed training session and an outline of the contents of the training to the Commission. All new employees and all employees who are promoted from a staff/hourly position to a managerial position more than 120 days before the next schedule training under this Consent Decree shall be shown a videotape of the most recent training program for managerial or staff/hourly employees, as appropriate, within thirty (30) days of hire or promotion.

24. Attendance at Training: At least thirty (30) days prior to any scheduled training and except for orientation of new employees or newly promoted employees, Performance shall provide the Commission with notice of the date, time, and location of scheduled training. The Commission, at its discretion, may send one representative to observe the scheduled training. Any representative who observes any scheduled training shall not interject him or herself into the training. If no Commission representative is available on the date of any scheduled training, Performance shall make the video tape of that training available to the EEOC upon request for later review. The EEOC shall give Performance at least ten days' notice if it will not send a representative to the scheduled training.

V.   INVESTIGATIONS AND REPORTS

25.   Internal Investigations: Performance shall memorialize all unwritten complaints or reports of race discrimination, harassment and/or retaliation in

writing, obtain written statements, make written findings of facts (including the names and contact information for witnesses) and make written recommendations and/or determinations. These, and any other documents generated by or related to a race discrimination, harassment and/or retaliation investigation shall be retained in a separate file maintained by the human resources/personnel manager for a period of two years following the resolution of the complaint.

26. Performance shall provide the following written reports to the Commission:

    a. Initial Report. Within ninety (90) days after the effective date of the Consent Decree, Performance shall submit to the Commission an initial report which contains:

        1. A copy of the description required under Paragraph 16;

        2. A summary of the procedures and record keeping methods developed for handling, tracking, and monitoring of complaints of discrimination and retaliation; and

        3. A statement confirming that all employees have received the modified policies required by Paragraph 16.

    b. Performance shall also provide the following reports to the Commission annually throughout the term of this Consent Decree with the final report due at the expiration of the Consent Decree even if the time since the last report is less than one year:

1. A list of the names and positions of employment of each employee who attended each training required or provided under this Consent Decree during the previous year, classified by the date and type of training (supervisory employees versus hourly employees);

2. A list of the names and positions of each employee who failed to attend the training, the reason training was not attended, and written confirmation that those employees were or will be trained within thirty (30) days of the report; and

3. Any revisions to the race discrimination, harassment, and/or retaliation policies.

27. Unless compelled by a valid subpoena or other court process, Performance shall not divulge, directly or indirectly, to any employer or potential employer of Darius Swington any of the facts or circumstances related to the underlying charge of discrimination filed against Performance, or the lawsuit resulting from said charge of discrimination, any of the events relating to the events giving rise to this litigation without also providing to said employer or potential employer a copy of this Consent Decree.

## VI.   POSTING OF NOTICE

28. Within thirty (30) business days after entry of the Consent Decree, Performance shall post 8½-inch-by-11-inch sized copies of the Notice attached as Exhibit A to the Consent Decree on all bulletin boards regularly used by Performance for posting official announcements, government posters, notices of employment policy or practice changes to employees at all of its facilities. In

addition, a copy of said notice shall be posted in each of the trailers where employees reside while on duty but not working, e.g. residential trailers.

29. Performance shall send a copy of the signed Notice, and an indication of the date(s) and location(s) of its posting, to the attention of the Regional Attorney of the Commission's Birmingham District Office, at the address set forth above, within ten (10) days of the posting.

30. Performance shall take all reasonable steps to ensure that the posting is not altered, defaced, covered by any other material, or removed. Should the posted copy become altered, defaced, covered or removed, or become otherwise illegible, Performance shall re-post promptly a legible copy in the same manner as heretofore specified. The posted Notice shall be the same type, style and size as the printing on Exhibit A and shall bear the signature of the President or Chief Executive of Performance.

## VII.   DISPUTE RESOLUTION

31. In the event any party to the Consent Decree believes that another party has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the other party of the alleged non-compliance. Said notification shall be made within fifteen (15) business days of discovery of the alleged non-compliance, but in no instance more than thirty (30) days after the expiration of this Consent Decree. After service of the notice, the parties shall

schedule a telephone or in-person meeting to attempt to resolve the dispute. Absent a showing that the delay will cause substantial harm, a party shall have ten (10) business days to attempt to resolve or cure the alleged breach unless the nature of the alleged breach reasonably takes longer than ten business days to resolve. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute which may arise. After ten (10) business days, or such other time period as may be appropriate, have passed without resolution or agreement to extend the time further, any party may petition this Court for compliance with this Decree. Should the Court determine that a party has not complied with the terms of this Consent Decree, appropriate relief, including injunctive relief or extension of the Consent Decree for such period as may be necessary to remedy its non-compliance may be ordered.

## VIII.   COSTS AND ATTORNEY FEES

32.   Each party shall bear its own costs and attorney's fees.

33.   The parties agree to the entry of the Consent Decree subject to final approval by the Court. Further, the parties have agreed that the payment of any monetary amount pursuant to this Consent Decree is subject to the approval of the U.S. Bankruptcy Court for the Southern District of Mississippi.

SO ORDERED, ADJUDGED, AND DECREED this 24th day of September, 2012.

*/s/ William H. Barbour*
Honorable William H. Barbour, Jr.
Senior District Judge

APPROVED AND CONSENTED TO:

Performance Drilling, Inc., by:

*/s/*
President

*/s/*
Robert E. Sanders, Esq.
E. Stephen Williams, Esq.
**YoungWilliams, P.A.**
P.O. Box 23059
Jackson, Mississippi 39225
Attorneys for Defendant
(601) 948-6100

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*/s/ C. Emanuel Smith*
C. EMANUEL SMITH
Regional Attorney

JULIE BEAN
Supervisory Trial Attorney

*/s/ Steven Murray*  */s/ Gerald L. Miller*
Steven Murray
Gerald Miller
Senior Trial Attorneys
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, Alabama 35205
(205) 212-2043

# EXHIBIT A

## NOTICE TO ALL PERFORMANCE DRILLING COMPANY EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in <u>EEOC v. Performance Drilling Company, LLC</u>, Civil Action Number: 3:10-cv-00540-WHB-LRA, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("Commission") against Performance Drilling Company, LLC.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, <u>et seq.</u>, as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion, or national origin. Title VII further prohibits retaliation against employees or applicants who avail themselves of the rights under Title VII by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. The Commission or EEOC is the federal agency which investigates charges of unlawful employment discrimination. The EEOC has the authority to bring lawsuits in federal court to enforce Title VII.

In its lawsuit, the EEOC alleged that Performance had tolerated a working environment that was racially hostile to employees, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Performance denied these allegations.

To resolve the case, Performance and the Commission have entered in to a Consent Decree which provides, among other things, that Performance: (1) will not discriminate on the basis of race; (2) will maintain records of all complaints of discrimination arising in the workplace; (3) will promptly investigate and resolve allegations of race discrimination in the workplace; (4) will require supervisors and managers to address allegations of race discrimination; (5) will develop strong anti-discrimination and harassment policies and procedures; (6) will hold supervisors and managers accountable for not complying with anti-discrimination policies and procedures; and (7) will train all employees on preventing and addressing discrimination in the workplace. Performance agrees that it will not retaliate against any person because he opposes any practice made unlawful by Title VII, files a Title VII charge of discrimination, participates in any Title VII proceeding, or asserts any rights under the law or the Consent Decree.

If you believe you have been discriminated against, you may contact the EEOC at (800) 669-4000. The EEOC charges no fees and has employees who speak languages other than English.

**This Notice must remain posted two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130 – 22nd Street South, Birmingham, Alabama 35205.**

_____
PRESIDENT,
PERFORMANCE DRILLING COMPANY LLC